Dear Mr. May:
This office previously responded to your request for an opinion to the following questions:
 1) Is there any legal or ethical prohibition that would prevent a physician on the staff of the local hospital from serving on the Board of Commissioners of the local Hospital Service District as a voting member of the Board;
 2) Could a physician on the hospital staff legally and ethically sit on the Board of Commissioners in a non-voting, advisory type capacity;
 3) Is there any legal or ethical prohibition that would prevent a member of the Board of Commissioners of the Hospital Service District from renting office space from the hospital over which that board has jurisdiction; and
 4) Would there be any difference in your opinion if the board member seeking to rent office space is a physician on the staff of the hospital?
We reaffirmed a 1980 opinion of this office (80-1379) that concluded that the dual officeholding law, R.S. 42:61 et seq., prohibited a staff doctor from serving on the hospital district board as incompatible offices. Reaffirming that opinion was incorrect.
By Act 322 of 1984 the legislature provided as follows:
 R.S. 46:1076 — Notwithstanding the provisions of R.S. 42:61 et seq. or any other law to the contrary members of the medical staffs of hospital service district facilities may serve on the hospital service district commission.
Therefore, under this statute the dual officeholding law is inapplicable, and there is no legal prohibition that would prevent a physician on the staff of the local hospital from serving on the Board of Commissioners of the local hospital service district as a voting member of the Board. We recall the conclusion of the earlier opinion because of this amendment in the law.
As stated in the prior opinion we found no statutory provision which prohibits the rental of office space by a member of the Board of Commissioners from the hospital over which the Board has jurisdiction.
You have requested whether there was "any legal or ethical prohibition" to the situations presented, and we find no legal prohibition. We will not render an opinion on any ethical consideration, but would refer you to the Ethics Commission for such a determination.
We regret the inconvenience by our prior opinion, and hope this sufficiently answers the questions.
Sincerely yours,
 WILLIAM J. GUSTE, JR. Attorney General
 BY: JESSE JAMES MARKS Assistant Attorney General